OPINION op the COURT — by the
Hon. J. CHILD.
This case is before us by appeal from the superior court of chancery, «on a decree to account.
According to the doctrine in 2d. Mad. page 347, and authorities there cited; this is an interlocutory, and not a final decree, for it is there expressly stated, “ that when references to the master are necessary to ascertain facts upon which the decree' must be founded, as In cases of account, or on questions of title, the decree is always interlocutory.”
By an uuiform train of decisions in this tribunal, from its establishment to the present time, it has been held to be a court of limited, and not of .general jurisdiction — a court scrupulously jealous* of its own powers, and one that could exercise none, except in cases where they were expressly given by law, without resorting to forced constructions, intendment, or implication. Hence, whatever may have been the practice of .the English chancery upon the subject of appeals from interlocutory decrees, that cannot be the source to which this court is to resort for the derivation of its powers, but must confine itself within the limits prescribed by the constitution, and laws of the state.
By reference to the R. C. page 93, sec. 37, it will be found, an appeal is given in certain cases from interlocutory decrees. In the record before us, however, it no where appears, that by this interlocutory decree, money is required to be paid, or the possession or title of property to be changed, or that the chancellor thought the appeal proper to settle the principles of the cause, or avoid expense and delay. The rule that de non apparenti-hus et non existentibus eademest lex]applies in its fullest extent to cases like this.
*316 If these principles, then be well founded, and I think they cannot be controverted, the question of jurisdiction, under consideration, almost admits of a mathematical solution; at any rate, the conclusion follows with as great a degree of certainty as can be reached by the indefinite purport of words.
This, then, is a court oflimited jurisdiction, in no case can its jurisdiction exist, unless it appear. In this case, it does not appear, and therefore, cannot exist.
It has long since been settled by this court that costs can be decreed on the dismissal of the suit, for want ofjurisdiction.
The cause is therefore dismissed upon that ground j at the cost of the appellant.